No. 18831—The Baltimore & Ohio Railroad Co. v. Tom Baillie, et al. Error to the Court of Appeals of Cuyahoga County.

27. ACTION—1. Under 11273 GC., maintenance of action in this state, not precluded against railroad company sued jointly and rightfully with another corporation; when injuries occurred and plaintiff resided in another state.

2. Syllabus of a decision must be taken with reference to facts upon which it is predicated.

MATTHIAS, J.

1. The provisions of Section 11273, General Code, do not preclude the maintenance of an action in a county of this state against a railroad company by a resident of another state for injuries to person or property though occurring elsewhere than in this state, where the injury complained of resulted from the joint negligence of such railroad company and another corporation which are joined as defendants in an action which is properly brought against the latter defendant in such county.

2. The syllabus of a decision of the supreme court of Ohio definitely states the law of Ohio with reference to the facts upon which it is predicated, and must be read in view of the facts found in such case.

Judgment affirmed.

Marshall, C. J., Allen and Robinson, JJ., concur. Jones, Day and Kinkade, JJ., dissent.

---

No. 503

No. 18750—Emelia H. Pritz v. Frank Messer et al. Error to the Court of Appeals of Hamilton County.

928. POLICE POWER—Laws enacted in exercise of, necessary for health, safety and morals of public, not a taking of property, though there is impairment of its full use.

874. ORDINANCE—Dividing municipality into zones for purpose of carrying out regulations in the interest of public health, safety and morals; and a method of administration is provided therefor, penalties being prescribed for violation of provisions; is a valid and constitutional enactment.

ALLEN, J.

1. Laws enacted in the proper exercise of the police power, which are reasonably necessary for the preservation of the public health, safety and morals, even though they result in the impairment of the full use of property by the owner thereof, do not constitute a taking of private property within the meaning of the constitutional requirements as to making compensation for the taking of property for public use and as to the deprivation of property without due process of law.

2. An ordinance enacted by a municipality under Article XVIII, Section 3 of the Ohio Constitution and under Section 4366-1 to 4366-12, General Code, dividing the whole territory of the municipality into districts according to a comprehensive plan which, in the interest of the public health, public safety and public morals, regulates the uses and the location of buildings and other structures and of premises to be used for trade, industry, residence or other specific uses, the height, bulk or location of buildings and other structures thereafter to be erected or altered, including the percentage of lot occupancy, set back building lines, and the area of yards, courts and other spaces, and for such purpose divides the city into zones or districts of such number, shape and area as are suited to carry out such pur-

poses, and provides a method of administration therefor and prescribes penalties for the violation of such provisions, is a valid and constitutional enactment.

Judgment affirmed.

Marshall, C. J., Day and Kinkade, JJ., concur. Jones, Matthias and Robinson, JJ., concur in the judgment.

---

No. 504

No. 18846—The Scioto Valley Ry. & Power Co. v. Effie Rutter, Admx. Error to the Court of Appeals of Fairfield county.

225. CHARGE TO JURY—If charge on contributory negligence was correctly given, additional instruction that if plaintiff's decedent shared or participated in any way with defendant in producing the injury, plaintiff cannot recover, is erroneous and prejudicial.

MARSHALL, C. J.

1. In a suit for damages, where the petition charges that injuries were caused by defendant's negligence and defendant's answer charges that the injuries were due solely to plaintiff's negligence, where the court correctly instructs on the subject of contributory negligence, and adds to such instruction:

"That is, if you should find the defendant guilty of some of the material acts of negligence charged in the petition and also find the plaintiff's decedent casually shared with the defendant or participated with the defendant in producing the injury complained of, the plaintiff cannot recover."

such instruction is erroneous and prejudicial.

2. The following instruction was also erroneous and prejudicial:

"The court instructs you and if you find from the evidence that the automobile which was being operated at the time by said Elmer Rutter was not struck by the car of the defendant The Scioto Valley Traction Company at said crossing, but that said automobile was so carelessly and negligently operated that it ran into and struck the side of said traction car, there can be no recovery by plaintiff and your verdict must be for the defendant."

3. Such an instruction would mislead the jury on both the issue of defendant's negligence and plaintiff's negligence and does not therefore conflict with the rule declared in Sites v. Haverstick, 23 Ohio St., 626.

Judgment affirmed.

Matthias, Allen and Robinson, JJ., concur.